UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
AMERICAN GENERAL LIFE INSURANCE
COMPANY,

                Interpleader Plaintiff,

                                                                 24-cv-1952 (PKC)

       -against-                                              ORDER

RITIKA MEHTA, LISA TERHUNE, RYAN
TERHUNE and MIKAELA TERHUNE,

                Interpleader Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        A joint motion filed by interpleader plaintiff American General Life Insurance Company ("American General") and interpleader defendants Ritika Mehta and Lisa Terhune seeks an Order entering default judgment against interpleader defendants Ryan Terhune and Mikaela Terhune. They also have filed a proposed Order that provides for the dismissal of all claims with prejudice. The Court will issue an Order and Judgment, an injunction against further claims or proceedings against American General, and a disbursement of $285,000 to Lisa Terhune, $10,000 to American General and the remaining amounts to Ritika Mehta.

        The motion was filed on January 15, 2025. (ECF 61.) On February 20, 2025, the Court issued an Order directing the movants to file proof of service upon interpleader defendants Ryan Terhune and Mikaela Terhune. (ECF 62.) On February 25, 2025, counsel to American General filed a declaration stating that he caused copies of the joint motion to be sent via Federal Express to Ryan Terhune and Mikaela Terhune at their last known addresses, and that he

received notification from Federal Express that the mailings were delivered on February 24, 2025 and February 25, 2025. (ECF 63.) More than three months have now elapsed, and Ryan Terhune and Mikaela Terhune have not responded to the motion. The motion for entry of default judgment will be granted, and the Court will enter the parties' proposed Order.

American General filed a complaint for interpleader relief on March 15, 2024. (ECF 1.) American General had issued two life insurance policies to decedent Jeffrey Terhune, and all four interpleader defendants had submitted claims as beneficiaries under those policies. (Compl't ¶¶ 9-10, 22-24) American General stated that it had been unable to determine the payment of death benefits among four interpleader defendants. (Compl't ¶¶ 25-26) Specifically, American General was unable to determine the effect of a divorce agreement between decedent and Lisa Terhune and the validity of an online request to designate Ritika Mehta the 100% primary beneficiary of decedent's policies. (Compl't ¶¶ 25-26.) Subject matter jurisdiction is premised on diversity of citizenship. (Compl't ¶¶ 6-7.)

The Court entered an Order authorizing American General to deposit the interpleader funds with the Clerk of Court. (ECF 16.) An unnumbered docket entry of June 27, 2024 states that on June 20, 2024, American General deposited $678,030.74 with the Clerk. Interpleader defendants Ritika Mehta and Lisa Terhune appeared and filed answers. (ECF 15, 22, 25.)

Interpleader defendants Mikaela Terhune and Ryan Terhune waived service of summons. (ECF 6, 7.) Mikaela Terhune and Ryan Terhune have not appeared in this action and the Clerk of Court entered certificates of default against them on July 9, 2024. (ECF 30, 31.) Counsel to American General states that neither Mikaela Terhune nor Ryan Terhune is a minor

or incompetent person, and that searches of the Servicemembers Relief Act website reflect that they are not on active duty military service. (Mendez Dec. ¶¶ 10-13 (ECF 61-2).)

In deciding a motion for default judgment, a complaint's well-pleaded allegations are deemed to be admitted by the defaulting party. A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc., 35 F.4th 913, 916 (2d Cir. 2022). "Interpleader litigation usually entails two steps; a court first determines whether interpleader relief is appropriate, and then adjudicates the adverse claims." Hausler v. JP Morgan Chase Bank, N.A., 127 F. Supp. 3d 17, 45 (S.D.N.Y. 2015) (Marrero, J.).

Here, the Court concludes that the Complaint's well-pleaded allegations satisfy step one. See 28 U.S.C. § 1335; New York City Health & Hosps. Corp. v. Hunt, 2024 WL 2941271, at *1 (S.D.N.Y. May 24, 2024) ("To satisfy the jurisdictional requirements of an interpleader claim, a plaintiff must allege that: (1) it is in possession of a single fund of value greater than $500; (2) the action involves two or more adverse claimants of diverse citizenship; (3) it has deposited or is depositing the fund with the court; and (4) it has a real and reasonable fear of double liability or vexatious, conflicting claims."), R&R adopted, 2024 WL 3046406 (S.D.N.Y. June 18, 2024).

On step two, by defaulting, Mikaela Terhune and Ryan Terhune have forfeited any potential claim to relief. See, e.g., Metro. Life Ins. Co. v. Giscombe, 2023 WL 7317197, at *4 (E.D.N.Y. Nov. 6, 2023) (interpleader defendants who do not appear forfeit any claim to the res), R&R adopted, 2023 WL 8109170 (E.D.N.Y. Nov. 22, 2023) (Brodie, J.); Metropolitan Life Insurance Co. v. Little, 2013 WL 4495684, at *2 (E.D.N.Y. Aug. 17, 2013) ("The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted. If all but one

named interpleader defendant defaulted, the remaining defendant would be entitled to the fund.") (Cogan, J.) (quotation marks, brackets and citation omitted); New York Life Ins. Co. v. Connecticut Development Authority, 700 F.2d 91, 95 (2d Cir. 1983) (policy beneficiaries' "defaults did not make the interpleader action inappropriate but merely expedited its conclusion by obviating the normal second stage.").

        The Court concludes that the movants have demonstrated that they are entitled to the entry of the proposed Order and default judgment against defendants Ryan Terhune and Mikaela Terhune, dismissal of the parties' claims with prejudice, and the payment of attorneys' fees to American General.

        For the foregoing reasons, the motion for entry of default judgment against Ryan Terhune and Mikaela Terhune is GRANTED, the Court will separately enter an Order and Judgment, and the Clerk is respectfully directed to terminate the motion (ECF 61) and close the case.[1]

        SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       June 10, 2025

---

[1] The motion for a default judgment filed jointly by Ritika Mehta, Lisa Terhune and American General against potential claimants Ryan Terhune and Mikaela Terhune distinguishes this case from Medis S.A. v. JPMorgan Chase Bank, N.A., 22 Civ. 849 (PKC) (S.D.N.Y. Jan. 30, 2025). In this action the joint motion for a default judgment placed the defaulting claimants on notice that Ritika Mehta claimed sole ownership of the funds on deposit.